■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT SMITH, Appellant.— Judgment, Supreme Court, New York County, rendered January 24, 1973, convicting defendant upon his plea of guilty of attempted robbery in the first degree and sentencing him to an indeterminate seven year term of imprisonment, affirmed. Although showups are generally disfavored, testimony of an identification made at a showup need not be suppressed unless it is found, upon consideration of the totality of circumstances, that the confrontation "was so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law." (*Stovall* v. *Denno,* 388 U. S. 293, 302; *People* v. *Logan,* 25 N Y 2d 184.) We do not believe that such finding can be made in this case. The witness, after first giving the police a description of her assailants, was permitted to view them at a time when the other victim of the crime was in the hospital and just 45 minutes after the events had occurred. Hence, the identification was made when the witness' memory was freshest, a procedure which tended to insure that the identification emanated from the witness' own observations made during the commission of the crime. Moreover, other than permitting the defendant and codefendant to be viewed while they were apparently alone in a room, the testimony at the hearing did not indicate that the police otherwise made any suggestive comments relative to the identification nor in any way influenced the witness. In any event, although we need not reach this issue, we find that the evidence was sufficient to establish that the witness could make an in-court identification based upon her observations at the time of the commission of the crime, and untainted by the subsequent station house confrontation. The testimony established that the crime was committed in broad daylight; that the events took several minutes; and that the witness was only several feet away from the defendant. Although the trial court did not find it necessary to reach this issue, the defendant having had a full and fair hearing, this court may now make the appropriate findings. (*People* v. *Denti & Sarcinella,* 44 A D 2d 44.) Concur — Nunez, J. P., Kupferman, Lupiano and Tilzer, JJ.; Murphy, J., dissents in the following memorandum: Defendant's guilty plea followed the denial of his motion to suppress identification evidence. The essential facts are not in dispute. The People's principal witness at the *Wade* hearing, Angela Varlack, testified that she was in the company of an Earl Thompson in the early afternoon of August 21, 1972, when defendant and an accomplice allegedly attempted to rob Thompson. The accomplice grabbed the witness around the throat and threatened to harm her if Thompson failed to "give me what you have." Ms. Varlack broke free and Thompson was shot. Contradictory testimony was given by this witness as to which of the two assailants shot Thompson. In any event, Ms. Varlack then stated that Thompson fled and the two assailants chased him, with the

witness following them. After Ms. Varlack lost sight of defendant she went to a nearby hospital to visit Thompson and then was taken to the police station. Some 45 minutes after the incident, which involved " a matter of minutes ", she was taken to a room in the station house to view defendant and his accomplice who, to the best of Ms. Varlack's recollection, were alone therein; and she identified both of them as the perpetrators. The Trial Judge, addressing his findings solely to the form of questions put to the witness and not the suggestiveness of the procedure, denied the motion solely because, " Analyzing the testimony of Miss Varlack, she was asked to look at the two defendants, and, she was not asked, as counsel has indicated, are these the two. She was asked if she had seen them before. Then, she said, ' Yes '. And she identified them at that time." In my opinion the station house showup was clearly improper and, since not mandated by exigent circumstances, should have been suppressed. While the showup concededly occurred shortly follow-ing the commission of the crime, prompt identification, at the risk of an irreparably mistaken one, was not required. The police had ample time to arrange for a lineup. " The practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned " (*Stovall* v. *Denno*, 388 U. S. 293, 302); and in the absence of " ' imperative ' circumstances necessitating resort to such a procedure ", should be avoided in order to protect a defendant's due process rights. (*People* v. *Brown*, 20 N Y 2d 238, 243–244.) *People* v. *Logan* (25 N Y 2d 184), which is relied on by respondent, is distinguishable since the totality of the cir-cumstances surrounding the pretrial identifications involved in that case revealed the absence of any suggestive police procedure or arrangement. The suppres-sion of the showup identification does not require a conclusion that Ms. Varlack would also be unable to make an in-court identification of defendant. That issue, however, first requires proof, by clear and convincing evidence, that such identification rests on an independent origin untainted by the pre-judicial circumstances surrounding the station house showup. (*People* v. *Ballott*, 20 N Y 2d 600.) Since the trial court did not reach that issue, I would remit the matter to Criminal Term for such determination. (Cf. *People* v. *Hanley*, 27 N Y 2d 648.)