■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EUGENE MOGER, Respondent. — Appeal by the People from an order of the Supreme Court, Queens County (Savarese, J.), dated April 7, 1980, which, after a hearing, granted defendant's motion to suppress an in-court identification. Order reversed, on the law and the facts, defendant's motion to suppress the in-court identification denied and case remitted to Criminal Term for further proceedings. Defendant was charged in a felony complaint with having committed the crimes of assault in the second degree and criminal possession of a weapon in the fourth degree in that, acting in concert with others, he had allegedly attacked one Thomas McCarthy with a baseball bat on May 21, 1979. It appears that McCarthy was unable to see who struck him. Defendant not having waived his right to a preliminary hearing, such a hearing was held on

September 18, 1979.[1] At the hearing, the People were required by statute to adduce "sufficient evidence to warrant the court in holding [defendant] for the action of a grand jury" (CPL 180.10, subd 2). Defendant attended the hearing with his counsel. One of the People's witnesses was Kevin Curtin. During the course of his testimony, Curtin identified defendant as McCarthy's assailant. There is nothing in the record to indicate that defendant objected to this identification, the manner in which it occurred, or Curtin's presence at the hearing. Nor does the record suggest that he ever requested that he be presented to Curtin in a lineup. After his subsequent indictment by the Grand Jury, defendant moved "[f]or a *Wade-Stovall* Hearing". After a hearing, at which Curtin was the sole witness to testify, Criminal Term concluded that, because the preliminary hearing had been conducted in a small robing room, there were only seven or eight people in the room when Curtin testified, including the Judge, counsel and court personnel, and Curtin was seated only three or four feet away from the defendant, the confronting of Curtin with defendant at that hearing "was tantamount to pointing to the defendant and directing the witness to identify him".[2] The court also observed that defendant had never been placed in a lineup for observation by Curtin. Having thus found the identification of defendant at the preliminary hearing to be unduly suggestive, the court then proceeded to conclude that the People had not met their burden of showing that an in-court identification by Curtin would be based upon a source independent of his observation of defendant at the preliminary hearing (see *United States v Wade,* 388 US 218, 240; *People v Ballott,* 20 NY2d 600, 606-607). Accordingly, the court ordered that Curtin's prospective in-court identification of defendant be suppressed. Having filed a statement pursuant to CPL 450.50, the People now appeal to this court from that order, pursuant to subdivision 8 of CPL 450.20. We reverse the order of Criminal Term and deny defendant's motion to suppress the in-court identification. Assuming, *arguendo,* that the procedure whereby Curtin identified defendant at the preliminary hearing was constitutionally infirm (but see *Haberstroh v Montanye,* 493 F2d 483; *United States ex rel. Riffert v Rundle,* 464 F2d 1348, cert den 415 US 927; cf. *People v Gissendanner,* 48 NY2d 543), we cannot conclude, on this record, that the People failed to meet their burden of establishing that any in-court identification of defendant would be based upon observation of defendant other than that which had occurred at the preliminary hearing. Thus, the prospective in-court identification of defendant by Curtin need not be suppressed (see *United States v Wade,* 388 US 218, 240, *supra; People v Ballott,* 20 NY2d 600, 606, *supra*). McCarthy was allegedly assaulted in a bar in which Curtin was a customer. The reasons for the trial court's conclusion that the People had failed to establish an independent source for an in-court identification were expressed as follows in its written decision: "This court finds that Curtin's observations of the defendant were momentary, fleeting; they were not based upon any self interest or concern; they were incidental only to his main preoccupation, the operation of the bowling machine, and the claimed viewing was of such short duration as to render it unlikely that he could form and retain an articulable concept of the defendant's features and other physical characteristics. In sum, the People

1. The record does not reveal the date of defendant's arrest. However, statutes require that arraignment must follow an arrest "without unnecessary delay" where, as here, the arrest is not founded upon an indictment (CPL 120.90, 140.20) and that, after the arraignment, the defendant "has a right to a prompt" preliminary hearing (CPL 180.10, subd 2). Defendant has never suggested that the People have not complied with these requirements.

2. No reference was made to Curtin's testimony that one of defendant's alleged accomplices was also present at the preliminary hearing.

have not established a clear and convincing independent source of identification to sustain an in-court identification." However, the record does not support the conclusion that Curtin's observation of defendant was "momentary" or "fleeting", "incidental only to [Curtin's] main preoccupation", or "of such short duration as to render it unlikely that he could form and retain an articulable concept of the defendant's features and other physical characteristics." At the hearing on defendant's motion, Curtin testified that on the occasion in question he had been playing the bowling machine with McCarthy and others. He then noticed McCarthy arguing with three people at the bar. McCarthy and his two brothers then left the bar. The three with whom McCarthy had been arguing left "right after" this. Curtin then went outside and saw that McCarthy had a person, he identified as defendant, "pinned" against a car. After further altercation, defendant and the two persons accompanying him left. Curtin estimated that 15 minutes had passed from the time that he walked out of the bar until defendant and the persons accompanying him left, during which time Curtin had observed defendant's face. About one-half hour after defendant had left, Curtin saw him again in the bar. Defendant was about six feet away from Curtin in a position where Curtin could see his face. Curtin saw defendant hit McCarthy with a bat and then leave the bar. According to Curtin, about three or four minutes passed between the time that defendant had re-entered and then left the bar for a second time. On cross-examination, Curtin did testify that he was concentrating on playing the bowling machine game when the argument involving McCarthy first occurred in the bar. But Curtin never claimed to have observed defendant during that period. Moreover, Curtin never testified that his concentration was directed elsewhere during the 15-minute altercation that occurred between McCarthy and defendant outside the bar or during the subsequent three or four minute episode involving the two that occurred inside the bar. On this record, we conclude that an "independent source" for a prospective in-court identification of defendant by Curtin was sufficiently established by the People and that such an identification should not have been suppressed (cf. *People v Ramos,* 52 AD2d 640, affd 42 NY2d 834; *People v Cobenais,* 39 NY2d 968; *People v Smith,* 46 AD2d 639, affd 38 NY2d 882). Margett, J. P., O'Connor, Weinstein and Thompson, JJ., concur.

