*217 OPINION OF THE COURT
Chief Judge Cooke.
A suspect whose right to counsel has attached with respect to a past crime may be subjected to questioning outside the presence of counsel by police who are investigating a new crime in progress, so long as the questioning is legitimately related to the new crime. Evidence thereby obtáined, if not otherwise violative of the suspect’s rights, may be presented to prove the suspect’s guilt of the past crime.
Just before 2:00 a.m., on March 24, 1974, defendant was involved in an altercation with Robert Davis at a Manhattan bar. Defendant felled Davis and, as Davis lay semiconscious, shot him in the head from one foot away. Police soon arrived and began interviewing the six witnesses to the homicide. The bartender identified the assailant as “Tommy”, who had been known to live in the nearby Alexandria Hotel and who had frequented the bar in the past. Other witnesses confirmed the bartender’s description of the assailant as a 6-foot 3-inch black male wearing a red-checked jacket. A police officer assigned to the neighborhood recalled that a man named “Nealer”, who had been arrested one month before, fit the description. At 8:00 a.m., a detective checked the local precinct’s arrest records and found that defendant had recently been arrested for possession of a gun and had given two addresses, including the Alexandria Hotel, as his residence. Early that afternoon, police proceeded without a warrant to the hotel, knocked on the door of defendant’s room, and entered when the door was opened by an unidentified woman. Defendant was arrested, and a red-checked jacket and bullets of the same caliber used in the crime were seized.
Defendant was indicted for murder in the second degree and incarcerated while awaiting trial. During this period, defendant’s wife approached a witness to the shooting and stated that defendant wanted to see him and would be willing to “help him out” if he would contradict his earlier statements to the police. The witness informed the police and was instructed to visit defendant in prison and to “play along” if offered a bribe. On visiting defendant, the witness was offered $300 to perjure himself.
*218 After a jury trial, defendant was convicted of second degree murder. The Appellate Division upheld the conviction. This court now affirms.
Defendant claims that his right to counsel was violated when the witness discussed the bribe offer with him while he was awaiting trial. Defendant reasons that, inasmuch as his right to counsel had indelibly attached upon indictment, he could not be interrogated in the absence of counsel. Defendant argues that the witness, when visiting defendant in prison, operated as a police agent, and, therefore, the uncounseled statements defendant made to the witness should have been suppressed.
There is no question that defendant’s right to counsel had attached with respect to the murder charge (see People v Settles, 46 NY2d 154, 166). Nor can it reasonably be controverted that the witness was acting as a police agent when he met with defendant with the knowledge and encouragement of the police (see United States v Henry, 447 US 264, 270). Defendant’s right to counsel nevertheless was not violated. Here, the witness acted on behalf of the police to investigate defendant’s attempt to suborn perjury, a new crime independent of the pending murder charge. The right to counsel may not be used as “a shield * * * to immunize one represented by an attorney against investigative techniques that capture a new crime in progress” (People v Ferrara, 54 NY2d 498, 508; see People v Middleton, 54 NY2d 474). Defendant’s statements were made “in response to inquiry legitimately related” to the new crime (People v Middleton, supra, at p 482). Moreover, the police investigation into the new crime was not used as a pretext for circumventing defendant’s rights. Thus, defendant’s rights were not violated by police conduct here. The evidence having been properly obtained, and no other objection having been raised, the People were free to use it at defendant’s murder trial.
Defendant next proposes that his warrantless arrest and the seizure of evidence violated the Fourth Amendment. In Payton v New York (445 US 573), the Supreme Court held that, in the absence of exigent circumstances, the police may not make a warrantless, nonconsensual entry into a suspect’s home to effect an arrest. That court recently held *219 that Payton may be invoked retroactively by defendants whose cases are on direct appeal (see United States v Johnson, 457 US 102 S Ct 2579, 2594-2595). The issue having been raised by defendant below, it is properly before us.
At the suppression hearing, the court considered the circumstances underlying defendant’s arrest. The court found that, in light of the gravity of the crime, the suspect’s possession of and willingness to use a gun, and the likelihood of his attempting to escape, the officers’ failure to procure a warrant before arresting defendant was excusable. On the record below, it cannot be said as a matter of law that this was error, in view of the affirmed findings which we construe as a finding of exigent circumstances.
Finally, defendant argues that, because the stenographic notes of the summations and the jury charge were lost, no adequate record existed from which to prepare his appeal and therefore he was denied due process of law. The right to appeal a criminal conviction is a “fundamental right”, and the State must provide a record of trial sufficient to enable a defendant to present reviewable issues on appeal (People v Rivera, 39 NY2d 519, 522). Here, however, the trial court held a reconstruction hearing at which defense counsel admitted that no objections were stated during the portions of trial now absent from the record. Inasmuch as defendant does not claim any error in either the summations or the jury charge, the loss of the notes cannot be said to have prejudiced defendant.
Accordingly, the order of the Appellate Division should be affirmed.
Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur; Judge Gabrielli taking no part.
Order affirmed.