**Thomas MEALER, Petitioner,**

v.

**Everett JONES, Respondent.**

**No. 83 Civ. 3469 (KTD).**

United States District Court, S.D. New York.

Nov. 1, 1983.

The Legal Aid Society, New York City, for petitioner; William E. Hellerstein, New York City, of counsel.

Robert M. Morgenthau, Dist. Atty., New York County, New York City, for respondent; Bruce Allen, Asst. Dist. Atty., New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

This petition for habeas corpus is brought by a state court prisoner pursuant to 28 U.S.C. § 2254. The petitioner, Thomas Mealer, challenges his custody on the ground that the admission of post-indict-ment statements obtained from him in the absence of counsel by one of the witnesses for the prosecution violated the Sixth and Fourteenth Amendments to the Constitution. For the reasons that follow, this petition is denied.

## FACTS

On April 7, 1976, Thomas Mealer was convicted of murder in the second degree in the Supreme Court, New York County and was sentenced to a term of imprisonment of twenty (20) years to life. The petitioner moved in the Appellate Division for summary reversal but his motion was denied on November 9, 1978. Thereafter, on appeal, the petitioner's conviction was affirmed by both the Appellate Division, First Department and the Court of Appeals. *See People v. Mealer*, 57 N.Y.2d 214, 441 N.E.2d 1080, 455 N.Y.S.2d 562 (1982). *Certiorari* was denied by the Supreme Court on March 7, 1983.

After his appeals failed, the petitioner made an application for a writ of habeas corpus to this court on the ground that the failure of the state courts to provide a complete transcript violated his constitutional rights. This petition was denied on August 27, 1980. On May 6, 1983, the instant petition for a writ of habeas corpus was filed.

The facts surrounding the petitioner's conviction are set forth in *People v. Mealer*, 57 N.Y.2d 214, 441 N.E.2d 1080, 455 N.Y.S.2d 562 (1982). In March 1974, petitioner went to a bar in Manhattan. A fight subsequently broke out involving Mealer, James Villareal and another patron, Robert Davis. After Davis had fallen to the floor, he was shot in the head. One of the witnesses for the prosecution was John Gaudet, the bartender at the bar on the night that Davis was killed. As Villareal and the petitioner left the bar, the petitioner warned Gaudet not to talk. After petitioner's arrest, Gaudet was approached by the petitioner's wife who told Gaudet that her husband wanted to talk to him. At the trial, Gaudet testified that after being ap-

proached by Mealer's wife, he contacted the police who told Gaudet to "play along" with Mealer. Gaudet testified that when he went to Ossining Correctional Facility to see Mealer, he was offered $300.00 to change his account of what occurred on the night that Davis was killed. At the petitioner's trial for murder these statements were offered by the prosecution through the testimony of Gaudet in order to prove Mealer's consciousness of guilt.

On appeal, Mealer challenged his conviction on three grounds including the ground that the admission of these post-indictment statements made outside the presence of counsel violated the Sixth and Fourteenth Amendments. The New York Court of Appeals, however, affirmed the petitioner's conviction. The Court reasoned that although Gaudet was the government's agent and Mealer's right to counsel had "indelibly attached" as to the murder charge, it had not attached with regard to the new and different crime of suborning perjury. 57 N.Y.2d 214, 441 N.E.2d 1080, 1082, 455 N.Y.S.2d 562, 564 (1982). Relying primarily upon *Massiah v. United States*, 377 U.S. 201, 206, 84 S.Ct. 1199, 1203, 12 L.Ed.2d 246 (1964), the petitioner now challenges the admission of these post-indictment statements elicited by Gaudet as an agent of the government in the absence of counsel as violative of his Sixth Amendment right to counsel as applied to the state through the Fourteenth Amendment.

## DISCUSSION

■ *Massiah v. United States*, established the rule that the admission of a suspect's incriminating statements deliberately elicited by the government after he had been indicted and in the absence of counsel violated his Sixth Amendment right to counsel. 377 U.S. 201, 206, 84 S.Ct. 1199, 1203, 12 L.Ed.2d 246 (1964). This holding is predicated on the principle that every individual is entitled to legal representation during interrogation by the government after "adversary proceedings have been commenced." *Brewer v. Wil-*

*liams*, 430 U.S. 387, 401, 97 S.Ct. 1232, 1240, 51 L.Ed.2d 424 (1977).

*Massiah* was never intended, on the other hand, to "immunize the defendant from accountability for statements made in the commission of another crime, even though made to a government agent, in the absence of counsel." *Grieco v. Meachum*, 533 F.2d 713, 718 (1st Cir.1976), *cert. denied*, 429 U.S. 858, 97 S.Ct. 158, 50 L.Ed.2d 135 (1976) (citing *United States v. Hoffa*, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966)). Further, *Massiah* has no application when the incriminating statements concern criminal conduct unrelated to the charges contained in the pending indictment if such statements are offered into evidence in a trial on a separate indictment. *See United States v. Hinton*, 543 F.2d 1002, 1015 (2d Cir.1976), *cert. denied*, 429 U.S. 980, 97 S.Ct. 493, 50 L.Ed.2d 589, and 429 U.S. 1051, 97 S.Ct. 764, 50 L.Ed.2d 767 (1976), and 429 U.S. 1066, 97 S.Ct. 796, 50 L.Ed.2d 783, and 430 U.S. 982, 97 S.Ct. 1677, 52 L.Ed.2d 376 (1977); *see also United States v. Capo*, 693 F.2d 1330, 1339 (11th Cir.1982) (statements concerning conspiracy to possess narcotics made after indictment for possession of narcotics held admissible in trial on indictment for conspiracy), *cert. denied*, —— U.S. ——, 103 S.Ct. 1793, 76 L.Ed.2d 359 (1983); *United States v. Missler*, 414 F.2d 1293, 1303 (4th Cir.1969) (statements elicited after indictment for hijacking admissible in a trial for obstruction of justice), *cert. denied*, 397 U.S. 913, 90 S.Ct. 912, 25 L.Ed.2d 93 (1970).

The Second Circuit has not, however, squarely disposed of the slightly different issue presented by the facts of this case. Here, the post-indictment statements made outside the presence of counsel concern criminal acts other than those contained in the indictment but were offered to prove the consciousness of guilt at the trial on the pending indictment. *Cf. United States v. Pineda*, 692 F.2d 284, 288 (2d Cir.1982) (dicta) (such statements were properly allowed at a sentencing hearing). Having already been presented with this issue, the First and Seventh Circuits have held that unrelated incriminating statements made

after an indictment is filed and after the right to counsel has attached are admissible. *United States v. DeWolf,* 696 F.2d 1, 3 (1st Cir.1982); *Grieco v. Meachum,* 533 F.2d 713, 717 (1st Cir.1976), *cert. denied,* 429 U.S. 858, 97 S.Ct. 158, 50 L.Ed.2d 135 (1976); *United States v. Moschiano,* 695 F.2d 236, 240–43 (7th Cir.1982).

In *Grieco,* a habeas corpus petitioner, Cassesso, was charged in state court with murder. At trial, evidence was presented that a prisoner who was serving a life sentence was offered money in exchange for perjured testimony that it was he and not Cassesso who had committed the murder. This testimony was offered to prove consciousness of guilt on the part of the petitioner. 533 F.2d at 716. The First Circuit in *Grieco* reasoned that the statements uttered by the defendant related to the separate offense of "subornation of perjury, and were only incidentally admissible in his trial on the pending indictment" for murder. *Id.* at 717. The First Circuit's reasoning in *Grieco* is particularly relevant here. The court stated that the petitioner would not have solicited perjured testimony if he had been told that the informer was acting on the government's behalf and that "[h]ad counsel been present, he would have been advised to refrain—not because the statements would have shown a consciousness of guilt ... but because his statements, themselves, were the operative acts of a separate criminal offense." 533 F.2d at 718. The court also noted in a footnote that the attorney-client privilege would not have excluded the counsel's testimony as to the petitioner's conversations because the privilege does not extend to "confidences concerning present and future criminal activity." *Id.* at 718 n. 4.

The Seventh Circuit in *Moschiano* held that incriminating statements made after an indictment for heroin possession was filed that concerned the sale of preludin tablets were admissible at the defendant's trial for the possession of heroin. 695 F.2d at 243. The Court reasoned that the prosecution had instituted the investigation into the sale of the preludin in good faith and not for the purpose of eliciting statements that could later be used at the heroin trial. *Id.* But see *State v. Ortiz,* 131 Ariz. 195, 639 P.2d 1020 (1981) (en banc) (admission of statements to prove consciousness of guilt violated Sixth Amendment).

Thus, the right to counsel does not attach when the statements either concern other criminal acts or actually constitute separate criminal conduct as they do here. Mealer's statements to Gaudet constituted the crime of suborning perjury. *Massiah* was never intended to provide the petitioner with immunity for such criminal activity. The reason for the rule established by *Massiah* was that the "use of such evidence would interfere with the defendant's right to counsel by depriving him of the benefit of counsel's advice as to everything he says to the government concerning the offense that might be used in his prosecution." *United States v. DeWolf,* 696 F.2d 1, 3 (1st Cir.1982). This purpose cannot be furthered by an extension of *Massiah* to the facts of this case. The purpose for which the petitioner sought the conversation was unlawful. If he had counsel present then his counsel would either be guilty of a crime or could be required to testify as to petitioner's statements. If counsel for petitioner could be required to testify as to his statements then it seems ludicrous to hold that another person (even if he be deemed a government agent) should be precluded from reciting the same evidence of illegal conduct merely because defense counsel was not invited by the defendant to view the crime.

In sum, the petitioner's Sixth Amendment right to counsel was not violated by the admission of Mealer's post-indictment incriminating statements because such statements constituted the separate crime of subornation of perjury. The petitioner's application is hereby denied. Leave to appeal *in forma pauperis* is granted and a certificate of probable cause will issue.

SO ORDERED.