■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLISON MACK, Appellant. — Judgment affirmed. Memorandum: On appeal from his conviction for robbery, first degree, and criminal possession of a weapon, third degree, defendant contends that the trial court erred in holding admissible the contents of a telephone conversation in which he made an incriminating statement. The evidence at the suppression hearing showed that, with probable cause to believe that defendant had committed a robbery, two police officers went to defendant's house to arrest him without a warrant. The police were admitted through the front door into the living room by Clifford Fruster, who said he was a roommate or tenant of defendant. When the police were about to leave the house, the telephone in the living room rang and Fruster answered. The call was from the defendant and Fruster permitted one of the police officers to listen to defendant's conversation. The officers then made a search, leading to the seizure of the weapon.

In our view, the trial court properly denied defendant's motion to suppress the telephone conversation. Although the police officers had no arrest warrant, their entry was lawful because Fruster voluntarily admitted the officers into the living room (see *Payton v New York,* 445 US 573, 583; *United States v Turbyfill,* 525 F2d 57; *People v Maerling,* 96 AD2d 600). In entering, they relied upon the apparent authority of Fruster, who said he was a roommate of defendant and appeared to have joint access to the living room (see *People v Adams,* 53 NY2d 1, 9, mot for rearg den 54 NY2d 832, cert den 454 US 854; *People v Battee,* 94 AD2d 935). Since Fruster permitted the officer to listen to the telephone conversation, the defendant's constitutional right to privacy was not violated (see *People v McGee,* 49 NY2d 48, 59, cert den *sub nom. Waters v New York,* 446 US 942).

That the suppression court found that Fruster had no authority to consent to the search has no effect on our determination; there was no causal connection between the illegal search and the consensual overhearing of the telephone conversation.

Under the circumstances presented here, we reject the People's argument that the defendant waived the right to suppression of the statement. All concur, except Denman and Green, JJ., who dissent and vote to reverse, in the following memorandum.

Denman and Green, JJ. (dissenting). We dissent. The police went to defendant's house and were admitted by an elderly gentleman who claimed he was defendant's tenant. Defendant was not home at the time. The police did not possess an arrest warrant or a search warrant. The police searched the entire house but did not find any incriminating evidence. As the police were about to leave, the telephone rang. The elderly gentleman answered and indicated to the police that the defendant was the caller. At the officer's instruction, the man held the phone in such a way that both he and the police could listen. During the conversation defendant said "the gun is underneath the cushion of the sofa chair. Put it in the back room where the dog is. It's nasty back there, the police won't search for it there." The police then seized the pistol. At trial, defendant moved orally to suppress the gun and the statement concerning the location of the gun. The trial court suppressed the gun but not the statement.

Defendant's statement concerning the gun should have been suppressed for the same reason the gun was suppressed, i.e., no exigent circumstances existed to justify the police entering and searching defendant's home without a warrant (see *Payton v New York,* 445 US 573; cf. *People v Mealer,* 57 NY2d 214, 219, cert den 460 US 1024). Absent exigent circumstances, a warrantless search of a dwelling is constitutionally prohibited, even though there may be probable cause for the search (*Payton v New York,* 445 US 573, *supra; Vale v Louisiana,* 399 US 30, 34). The hearing court recognized this principle when it suppressed the gun, but inexplicably denied the motion to suppress the statement. If the police had no right to be in defendant's home to seize the gun, they had no right to be in the home to overhear the telephone conversation in which defendant made the statement about the gun. The mere fact that police have information that a weapon is located within a suspect's residence does not justify a warrantless entry (*Matter of Kwok T.,* 43 NY2d 213, 220-221). The only conceivable basis to justify the entry and search of defendant's home is consent. The record, however, does not support this theory. Indeed, as the hearing court recognized

in suppressing the gun, there was insufficient proof that the person who let the police into the house had actual or apparent authority to consent (see *People v Adams,* 53 NY2d 1, mot for rearg den 54 NY2d 832, cert den 454 US 854; *People v Ponto,* 103 AD2d 573, 576-578; *People v Lott,* 102 AD2d 506, 511). Much weight must be allowed the determination of the suppression court with its peculiar advantage of having seen and heard the witnesses (*People v Prochilo,* 41 NY2d 759, 761). Accordingly, defendant's motion to suppress the statement he made during the telephone conversation should be granted. (Appeal from judgment of Supreme Court, Erie County, Francis, J. — robbery, first degree, and another charge.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and O'Donnell, JJ.