■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL YEARGIN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the warrantless search and seizure of the property found in his apartment was improper because the police were unlawfully in his home in violation of *Payton v New York* (445 US 573). Police had gone to defendant's home after he had been identified by an eyewitness as being a suspect in a burglary in progress. The record indicates that defendant voluntarily accompanied the

police outside his home for questioning *(see, People v Minley,* 68 NY2d 952). While police were questioning defendant on his front porch, another officer confirmed the fact that there had been a break-in at 444 Allen Street, thus giving police the requisite probable cause to make a lawful arrest *(cf. People v Hicks,* 68 NY2d 234). When police then advised defendant that he was under arrest, defendant physically resisted and fled back into his house, locking the door behind him. Defendant's conduct clearly gave rise to exigent circumstances justifying police action in pursuing him in an attempt to prevent his escape *(see, People v Mealer,* 57 NY2d 214; *People v Battee,* 94 AD2d 935; *cf. People v Leung,* 68 NY2d 734, 736). Since the police were thus lawfully in the hallway of defendant's apartment building, the suppression court properly denied defendant's motion to suppress the stolen property which was observed "in plain view" through the open door of defendant's apartment *(see, Texas v Brown,* 460 US 730; *Coolidge v New Hampshire,* 403 US 443, 469-470; *People v Battee, supra).*

The court did not err in denying defendant's motion to withdraw his guilty plea without conducting any hearing. Such a motion to withdraw a guilty plea rests largely in the discretion of the Judge to whom the motion is made (CPL 220.60 [3]; *People v Tinsley,* 35 NY2d 926, 927). (Appeal from judgment of Onondaga County Court, Murray, J.—burglary, second degree, and other offenses.) Present—Dillon, P. J., Callahan, Green, Balio and Schnepp, JJ.