**UNITED STATES of America, Plaintiff,**

v.

**Edward David BATISTA, Defendant.**

**Crim. No. 86–310–C.**

United States District Court,
D. Massachusetts.

Dec. 23, 1986.

Willie Davis, Boston, Mass., for defendant.

Jonathan Chiel, Boston, Mass., for U.S.

MEMORANDUM

CAFFREY, Senior District Judge.

This matter comes before the Court on the motion of defendant, Edward Batista, to dismiss the indictment on the grounds that federal agents of the Drug Enforcement Administration ("DEA") interferred with his right to counsel in violation of the Sixth Amendment of the United States Constitution. The defendant was arrested on September 6, 1986. On September 23, 1986, a federal grand jury handed down a one count indictment charging defendant with possession of more than one kilogram of cocaine in violation of 21 U.S.C. § 841(a)(1). The chain of events which led to this indictment was described in testimony during an evidentiary hearing in this Court on November 5, 1986. The facts summarized below are not contested by the parties.

I. *Factual Background*

In April, 1985, defendant was arrested and indicted by the Suffolk County District Attorney for trafficking in cocaine. The defendant agreed, with the assistance of counsel, to cooperate with the Boston Police Department in the undercover investigation of local drug trafficking. The defendant undertook this cooperation with the understanding that his sentence could be reduced or even suspended as a result.[1] Detective Foley of the Boston Police Department was pleased with the assistance provided by defendant and recommended to the District Attorney that he suspend defendant's sentence. This recommendation was refused. The District Attorney agreed instead to an "indefinite term" sentence which, in Massachusetts, permits a defendant to be paroled after six months.

Subsequent to this agreement, Detective Foley arranged a meeting with defendant and Special Agent Ritucci of the DEA to discuss the possibility of defendant's cooperation with federal drug investigators. The defendant attended the meeting without counsel but, according to the government, he was advised to consult with counsel before making a decision. There are no allegations that defendant was coerced in any way or that the DEA agent disparaged defendant's counsel. At the end of the meeting defendant had made no decision nor did he offer any information to the agents.

At their next meeting, defendant reported to Detective Foley and Special Agent Ritucci that he had consulted with his counsel and had been advised not to cooperate until his counsel discussed the arrangement with the DEA. The meeting ended

---

**1.** The defendant was indicted with four others, each of whom pleaded guilty and are currently serving prison sentences.

without defendant having given any information to the DEA.

Special Agent Ritucci initiated a meeting with defendant's counsel, Willie J. Davis, to discuss the possibility of defendant's cooperation. At that meeting, held in July, 1986, defendant's counsel described to Ritucci the deal he was working on with the District Attorney to suspend defendant's sentence. Defendant's counsel expressed the hope that defendant's cooperation with the DEA might influence the District Attorney's decision regarding the indefinite term. Defendant's counsel warned Ritucci at this meeting that, until defendant's counsel could meet with the District Attorney, the DEA could debrief defendant on his state undercover work but Ritucci was not to involve defendant in any federal undercover investigations.

Two weeks later, defendant's counsel and Ritucci met again. There is no disagreement that at this meeting defendant's counsel and Ritucci were both aware of the fact that the District Attorney had refused to reduce further defendant's sentence, regardless of his proposed cooperation with federal drug agents. There were no further meetings between defendant's counsel and DEA agents.

After this meeting defendant contacted Detective Foley directly to express his desire to work with DEA agents. Defendant was aware that his cooperation would not affect his sentence for the state offense. Detective Foley testified that defendant repeatedly contacted him to discuss the possibility of his cooperation with the DEA. Special Agent Ritucci testified that Detective Foley informed him that Detective Foley and defendant's counsel agreed that the District Attorney would not reduce defendant's sentence. Defendant then commenced his cooperation with the DEA; defendant's counsel asserts that he was not informed of this cooperation.

Based on information developed by defendant, the DEA agreed to finance defendant's undercover purchase of ten kilograms of cocaine from a dealer named Felix Ulloa who operated in the Dominican Republic. Defendant arranged with the DEA to have an undercover agent meet Ulloa in a Burlington hotel room on September 5, 1986; to complete the deal. Defendant then requested of DEA agents that he be permitted to meet Ulloa privately before the meeting at the hotel. DEA agents kept defendant under surveillance, however, and observed him with Ulloa at a deserted gas station near Route 495.

When the deal was concluded in the Burlington hotel room, Ulloa was arrested by DEA agents. After Ulloa's arrest, DEA agents requested defendant's keys to search his car. Defendant complied and at the same time informed them that "there was a surprize waiting" because there were ten additional kilograms of cocaine in his car. DEA agents discovered the cocaine in defendant's car and arrested him.

Defendant's arrest and subsequent indictment on federal drug charges forms the basis of the motion now before the Court. After a hearing and consideration of the arguments presented by both parties, and for the reasons set forth below, I rule that defendant's Sixth Amendment right to counsel arising from his state indictment does not extend to immunize him from incriminating himself in other, unrelated investigations. Defendant's right to counsel as to his federal charges had not yet attached and could not therefore be violated by DEA agents. Accordingly, defendant's motion to dismiss the indictment should be denied.

## II. *Sixth Amendment Claim*

Defendant relies primarily on *United States v. Gouveia*, 467 U.S. 180, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984), to argue that his right to counsel attached in 1985 when the state initiated adversary judicial proceedings against him. Defendant maintains that DEA agents interferred with his Sixth Amendment rights by involving him in an undercover scheme without the consent of his counsel. Defendant further argues that, but for this interference, he would not have been arrested and indicted on federal charges.

The government does not dispute defendant's argument that his Sixth Amendment right had attached with regard to his state charges; the government instead contends that defendant enjoyed no such right with respect to his other, unrelated federal charges. The government relies primarily on *Maine v. Moulton*, 474 U.S. 159, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985), where the Court ruled that the state violated defendant's Sixth Amendment rights when his incriminating statements were introduced at trial. The defendant's post-indictment statements were obtained when his co-defendant cooperated with the police and recorded their conversation about trial strategy. The Court ruled that the state's use of such statements is a knowing circumvention of the "accused's right to have counsel present in a confrontation between the accused and a state agent." *Moulton*, 106 S.Ct. at 487. Although the Court found a Sixth Amendment violation in *Moulton*, the Court directly addressed and distinguished the issue raised in this matter. If, as here, the police obtained the evidence during the investigation of another crime, for which the indicted defendant was not yet charged, the Court ruled that the evidence would have been admissible. *Moulton*, 106 S.Ct. at 489 & 490 n. 16. Here, defendant is under a federal indictment for the commission of a separate crime unrelated to the crime for which he was indicted by the state. The constitutional protections offered by the Sixth Amendment are an indispensable element of the "fair administration of our adversarial system of criminal justice." *Moulton*, 106 S.Ct. at 483. The Sixth Amendment has not been interpreted, however, to provide a cloak of immunity for defendants during the pendency of an indictment. *Hoffa v. United States*, 385 U.S. 293, 307–08, 87 S.Ct. 408, 416, 17 L.Ed.2d 374 (1966), *reh'g denied*, 386 U.S. 940, 87 S.Ct. 970, 17 L.Ed.2d 880 (1966); *Grieco v. Meachum*, 533 F.2d 713, 718 (1st Cir.1976), *cert. denied sub. nom Cassesso v. Meachum*, 429 U.S. 858, 97 S.Ct. 158, 50 L.Ed.2d 135 (1976).

In *Meachum*, the Court of Appeals for the First Circuit held that an indicted defendant's post-indictment incriminating statements, which were the subject of a co-defendant's testimony at a joint trial, were admissible without violating the Sixth Amendment because they formed the basis of the separate, unrelated crime of subordination of perjury. *Meachum*, 533 F.2d at 718. In *Meachum*, as in this case, the police were investigating in good faith another crime, and were not attempting to gather evidence against the defendant for use at trial for the indicted offense. *Id.* [2] Defendant's alleged criminal activity occurred during the DEA's good faith investigation of Felix Ulloa. Indeed the record reveals no evidence that defendant was not voluntarily participating in the investigation, or that he did not have full knowledge that it would not help him in any way. Furthermore, there is no evidence that either Detective Foley or Special Agent Ritucci coerced or encouraged defendant to participate. In fact, both agents testified that they encouraged defendant to consult counsel, even though defendant enjoyed no right to counsel with regard to his cooperation with the federal agents.

In light of the evidence and prior rulings, I conclude that defendant's right to counsel with regard to his federal indictment had not attached prior to his arrest at the Burlington hotel in September, 1986. Defendant's motion to dismiss should therefore be denied.

Order accordingly.

---

**2.** *See also United States v. Capo*, 693 F.2d 1330, 1339 (11th Cir.1982) (arrest for one substantive offense does not preclude admission of evidence of other substantive offenses); *United States v. DeWolf*, 696 F.2d 1, 3 (1st Cir.1982) (government may introduce defendant's statements without violating right to counsel if procured during good faith investigation of separate crime); *Mealer v. Jones*, 573 F.Supp. 675 (S.D.N.Y.1983) (Sixth Amendment right to counsel does not attach when statements constitute separate substantive crime).