■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC MURRAY, Appellant. [716 NYS2d 388] —Judgment, Supreme Court, Bronx County (Denis Boyle, J., at hearing; Robert Seewald, J., at jury trial and sentence), rendered March 28, 1997,

convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The hearing court properly determined that exigent circumstances justified the entry into the apartment. Minutes after defendant fired shots at a police officer thus committing a crime in their presence, he abandoned his weapon, and ran into a building; the police received an anonymous call providing defendant's first name and advising the police that the person they were seeking was in a particular apartment in this building. This information was corroborated by the fact that although a radio was playing in that apartment, no one responded when the police identified themselves and repeatedly knocked on the door, circumstances suggesting that the apartment was occupied by a person avoiding contact with the police. This provided strong evidence to believe that defendant was in the apartment. Also, defendant was actively engaged in an attempt to escape; and there was a likelihood that defendant would escape if defendant was not swiftly apprehended. The circumstances of Sergeant Soto's entry in the apartment were peaceful. Furthermore, the crime defendant committed was violent and it was reasonable to believe that defendant was likely to have and to use an additional weapon against the police. Accordingly, the totality of circumstances justified an immediate warrantless entry (*see, People v Mealer,* 57 NY2d 214, 219, *cert denied* 460 US 1024; *People v Cruz,* 149 AD2d 151, 160).

The court properly exercised its discretion in admitting rebuttal evidence offered by the People. In any event, were we to find any error, we would find that it could not have affected the verdict. Concur—Williams, J. P., Mazzarelli, Lerner, Buckley and Friedman, JJ.