■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. MICHAEL YANNICELLI, WILLIAM J. MURTY, FRANK SMITH, ANTHONY GARIOLA, JOSEPH CAPOBIANCO, GERALD POLITI, WILSON YOUMANS and ROBERT SIMMONS, Respondents.— Consolidated appeals by the People from eight sentences of the County Court, Westchester County, all imposed January 17, 1972, the same being one as to each of the respondents. Sentences of defendants Joseph Capobianco and Robert Simmons affirmed. Sentences of defendants Michael Yannicelli, William J. Murty, Frank Smith, Anthony Gariola, Gerald Politi

and Wilson Youmans reversed, on the law, and, for the purpose of resentencing, the cases of said defendants are remanded to the Acting County Judge of Westchester County who imposed the original sentences. The Judge of the County Court of Tompkins County, temporarily assigned from October 4 through October 29, 1971 to the County Court of Westchester County, had jurisdiction to impose sentences on defendants in the County Court of Westchester County on January 17, 1972 because he retained that power after the expiration of his temporary assignment, by virtue of the provisions of subdivision k of section 26 of article VI of the Constitution of the State of New York. The sentences imposed on defendants Michael Yannicelli, William J. Murty, Frank Smith, Anthony Gariola and Wilson Youmans were invalid as a matter of law, because of failure to comply with section 80.00 of the Penal Law, since the sentencing court made no findings as to the amount of the gain of these defendants from the crime. The misdemeanor sentence of defendant Gerald Politi, imposed in absentia, must be reversed and his case remanded because the motion for sentence in absentia, made by this defendant, was not accompanied by a waiver signed and acknowledged by him. The waiver made by him three days after the sentence, nunc pro tunc, does not comply with CPL 380.40. Hopkins, Acting P. J., Gulotta, Brennan and Benjamin, JJ., concur; Martuscello, J., concurs in the affirmances of the sentences as to the defendants Capobianco and Simmons and otherwise dissents and votes to affirm the sentences of defendants Yannicelli, Murty, Smith, Gariola, Politi and Youmans, with the following memorandum: In my opinion, the sentences imposed on defendants Yannicelli, Murty, Smith, Gariola and Youmans were not invalid as a matter of law. While section 80.00 of the Penal Law provides that when the court imposes a fine for a felony it " shall make a finding as to the amount of the defendant's gain from the crime", it further provides that " If the record does not contain sufficient evidence to support such a finding the court may conduct a hearing upon the issue." The record herein does not contain such evidence and, consequently, I fail to see how the sentencing court's exercise of discretion in refusing a hearing to determine these defendants' gain from these "victimless" crimes rendered the sentences invalid. With respect to defendant Politi's sentence, no prejudice has been shown by the People and they are not aggrieved thereby. Politi was sentenced for a misdemeanor and an appropriate fine was imposed. He did not choose to appeal his conviction and indeed his time to do so has expired. Under these circumstances his sentence should not be disturbed.