■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL YANNICELLI and ANTHONY GARIOLA, Appellants.—Appeal by defendants, as limited by their brief, from two resentences (one as to each defendant) of the County Court, Westchester County, both imposed March 25, 1974, upon their conviction of possession of gambling records in the first degree (one count as to each defendant) and promoting gambling in the first degree (one count as to each defendant), upon their pleas of guilty, the resentences being as to defendant Yannicelli two concurrent definite terms of five months in the Westchester County Penitentiary; and as to defendant Gariola two concurrent definite terms of 75 days in the same penitentiary. Fines previously imposed upon both defendants were remitted. Resentence of defendant Yannicelli modified, as a matter of law, by reducing his sentence to two concurrent definite terms of three months. Resentence of defendant Gariola modified, as a matter of law, by reducing his sentence to two concurrent definite terms of two months. As so modified, resentences affirmed. The sentences originally imposed upon defendants, and thereafter completely executed, called for a fine and a short definite prison term. On appeal by the People, we reversed and remanded the cases to the County Court for the purpose of resentencing, holding that the sentences "were invalid as a matter of law, because of failure to comply with section 80.00 of the Penal Law, since the sentencing court made no findings as to the amount of the gain of these defendants from the crime" *(People v Yannicelli,* 40 AD2d 564, 565, affd 33 NY2d 621). On resentencing, the County Court remitted the fines, but imposed longer definite prison terms, with credit for time served. On this record, the constitutional guarantee against double jeopardy prevents imposition of an increased term of imprisonment *(Sullens v United States,* 409 F2d 545; *North Carolina v Pearce,* 395 US 711, 717; *United States v Benz,* 282 US 304, 307; *Matter of Lange,* 85 US 163; cf. *Bozza v United States,* 330 US 160; *United States v Richardson,* 498 F2d 9). Even where the second sentence imposed follows a successful appeal by the defendant, due process requires that a longer term of imprisonment be justified by conduct on the part of the defendant occurring after the time of

the original sentencing *(People v Williams,* 34 NY2d 657; *North Carolina v Pearce, supra,* 395 US 711, 726). That the additional time in prison is justified by the rescission of the fines is scarcely arguable *(Burton v Goodlett,* 480 F2d 983; *Argersinger v Hamlin,* 407 US 25). We have therefore reduced the definite sentences to those originally imposed. Hopkins, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.