■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE SIMONE, Appellant.—Appeals by defendant from (1) a judgment of the Supreme Court, Westchester County, rendered May 17, 1978, convicting him of two counts of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing concurrent sentences of imprisonment of three years to life; and (2) (by permission) an order of the same court, dated September 25, 1979, denying his motion pursuant to CPL 440.10 (subd 1) to vacate the said judgment. Judgment modified, on the law, by reducing the sentences to two concurrent indeterminate terms of imprisonment of one year to life. As so modified, judgment affirmed. Order reversed, on the law, and case remitted to Criminal Term for a hearing and further proceedings consistent herewith. Defendant was previously convicted of two counts of criminal sale of a controlled substance in the third degree and was sentenced to concurrent terms of imprisonment of one year to life. That judgment was reversed (People v Simone, 59 AD2d 918). Following the retrial, defendant was convicted of the same charges and was sentenced to concurrent terms of three years to life. In the absence of objective information appearing affirmatively on the record concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing which would justify the imposition of a harsher sentence, it was error for the court to have imposed a greater sentence following the retrial (see North Carolina v Pearce, 395 US 711, 726; People v Yannicelli, 47 AD2d 911, mod 40 NY2d 598). Additionally, under the circumstances here presented, a hearing should be held on defendant's application to vacate the judgment. We have examined defendant's other contentions and find them to be without merit (see People v Sapia, 41 NY2d 160, cert den 434 US 823; People v Crimmins, 36 NY2d 230, 242). Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WATSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 17, 1978, convicting him of burglary in the second degree, assault in the first degree, and petit larceny, upon a jury verdict, and imposing sentence. Judgment affirmed. The trial court's instructions with respect to the law relating to identification evidence and the factors to be weighed by the jury in assessing such evidence were adequate. Although the trial court erred in failing to relate these legal principles to the evidence adduced at trial (see People v Carney, 73 AD2d 972), we are of the view that, under the circumstances of this case, such error was cured when, at the jury's request during its deliberations, the jury was read all of the testimony of the two witnesses who identified defendant (see People v Vargas, 74 AD2d 859). We have examined the remaining contentions raised by the defendant and find them to be without merit. Gibbons, J. P., Gulotta, Margett and Martuscello, JJ., concur.