■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MILLER, Appellant. — Appeal by defendant from a judgment of the County Court, Rockland County (Gallucci, J.), rendered December 1, 1981, convicting him of rape in the first degree, upon a jury verdict, and sentencing him to an

indeterminate term of 7 to 21 years' imprisonment. ¶ Judgment affirmed. ¶ Defendant was previously convicted in the County Court, Rockland County (Edelstein, J.), upon his plea of guilty, of rape in the first degree. Defendant's guilty plea was the product of a plea bargain, pursuant to which the prosecutor recommended, and the court imposed, an indeterminate term of 4 to 12 years' imprisonment. Both the court and the prosecutor stated on the record that the bargained-for sentence had been agreed upon in recognition of the fact that the rape victim would thereby be spared the necessity of testifying at a trial. ¶ On appeal, the judgment of conviction was reversed on the basis of the County Court's erroneous denial of defendant's motion to suppress certain evidence (*People v Miller,* 76 AD2d 576, affd 54 NY2d 616). Defendant thereafter entered a plea of not guilty. Following trial, defendant was again convicted of rape in the first degree and was sentenced to an indeterminate term of 7 to 21 years' imprisonment (Gallucci, J.). ¶ Defendant now contends, *inter alia,* that the sentencing court erred in imposing a more severe sentence than that which had previously been imposed upon his plea of guilty to the same crime. We disagree. ¶ The due process clause of the United States Constitution requires that "vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he received after a new trial" (*North Carolina v Pearce,* 395 US 711, 725). To assure that vindictiveness does not enter into the new sentencing determination, the Supreme Court held that, in the absence of objective information appearing affirmatively on the record concerning identifiable conduct on the part of a defendant, occurring after the time of the original sentencing which would justify the imposition of a harsher sentence, a court may not impose a greater sentence following a retrial. To impose a more severe sentence in the absence of such circumstances would serve to punish a defendant for having successfully exercised his right to postjudgment review (*North Carolina v Pearce, supra,* p 726; see, also, *People v Simone,* 78 AD2d 685), even where the judgment challenged on appeal resulted from a plea of guilty (*Simpson v Rice,* 395 US 711, decided with *North Carolina v Pearce, supra*). ¶ The decision in *North Carolina v Pearce (supra)* "was premised on the apparent need to guard against *vindictiveness* in the resentencing process" (*Chaffin v Stynchcombe,* 412 US 17, 25). It follows, therefore, that "the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a realistic likelihood of 'vindictiveness' " (*Blackledge v Perry,* 417 US 21, 27). ¶ In the case at bar, the sentencing court expressly stated that it would *not* consider certain incidents involving defendant which had allegedly occurred subsequent to imposition of the original sentence. Therefore, it cannot be said that the greater sentence which was imposed was justified by identifiable postsentencing conduct on the part of defendant. Nevertheless, we conclude that the sentencing court was not required to sentence defendant to the same indeterminate term of 4 to 12 years' imprisonment that had originally been imposed. The court properly distinguished *North Carolina v Pearce (supra)* upon the ground that the case at bar involved a negotiated plea which had been agreed to by the People in order to spare the victim the anguish of testifying at a trial. In exchange for his plea of guilty, defendant received consideration in the form of a sentence which was more lenient than that which he might otherwise have expected to receive. When defendant, following reversal of the judgment on appeal, chose to plead not guilty and to exercise his right to a trial, the consideration supporting the original plea bargain was removed, and the court was then free to impose any lawful sentence which it deemed just and appropriate, even if that sentence was more severe than that originally imposed upon the guilty plea. On this record, we perceive no realistic likelihood that the greater sentence was the product of vindictiveness.

Rather, the greater sentence imposed herein resulted from defendant's own choice to forgo the term so the plea bargain pursuant to which the original lesser sentence had been imposed. The People may constitutionally encourage guilty pleas by offering substantial benefits in return (*Corbitt v New Jersey,* 439 US 212, 218-223), and it follows that under circumstances such as those presented here, a sentence imposed upon a conviction after trial may properly be more onerous than one imposed upon a plea of guilty to the same offense. ¶ Such other contentions of defendant as have been preserved for our review have been examined and found to be lacking in merit. Bracken, J. P., Weinstein and Boyers, JJ., concur.

O'Connor, J., dissents and votes to modify the judgment appealed from by vacating the sentence imposed and to thereupon remit the matter to the County Court, Rockland County, for resentence in accordance with the following memorandum: In my view, the majority decision flies in the face of the clear and unequivocal rule enunciated in *North Carolina v Pearce* (395 US 711, 723). That rule, restated by this court in *People v Simone* (78 AD2d 685), prohibits a court from imposing a greater sentence following retrial in the absence of objective information appearing affirmatively on the record concerning conduct on the part of the defendant occurring after the original sentence (see, also, *Blackledge v Perry,* 417 US 21; *Chaffin v Stynchcombe,* 412 US 17; *People v Yannicelli,* 47 AD2d 911, mod on other grounds 40 NY2d 598). At bar, no such information appears on the record; indeed, the sentencing court explicitly stated it was not considering certain incidents involving defendant which had occurred after the original sentence. Consequently, the court could not permissibly impose a harsher sentence than the one originally imposed. ¶ Adopting the reasoning of the sentencing court, however, the majority purports to distinguish *North Carolina v Pearce* (*supra*) and its progeny on the ground that the case under review involves a negotiated plea which had been agreed to by the People in order to spare the victim the anguish of testifying. But the purported distinction has no relevance. In order to assure the absence of vindictiveness, *North Carolina v Pearce* (*supra,* p 726) permits an enhanced sentence, by its very language, only upon "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding". The majority concedes, as it must, that this is not the case at bar. Moreover, *Simpson v Rice* (395 US 711), a companion case to *North Carolina v Pearce* (*supra*), involves a guilty plea like the instant case and yet the above-cited rule was still held to be applicable. This was so even though every plea agreement, not just the one in the instant case, involves a trade to some extent (*Simpson v Rice,* 395 US 711, 742, *supra* [Black, J., concurring in part and dissenting in part]), and when a defendant chooses, following reversal of the judgment entered on the plea, to plead not guilty and to exercise his right to a trial, the consideration supporting the original plea bargain is always removed. ¶ Notwithstanding the majority's implications to the contrary, the net effect of today's decision is to punish defendant for having exercised his right to postconviction review and for having put the People to their proof — in clear violation of *North Carolina v Pearce* (*supra*). It may well be that *Corbitt v New Jersey* (439 US 212), cited by the majority, indicates that a guilty plea may result in mercy; the case does not, however, imply that a trial should cost a defendant a harsher sentence. A court may permissibly condition a plea bargain on a waiver of defendant's right to appeal (see *People v Williams,* 36 NY2d 829, cert den 423 US 873; *People v Gray,* 75 AD2d 826), but if such a waiver is not given, then in my opinion, *North Carolina v Pearce* (*supra*) constrains the court from imposing a harsher sentence should the defendant subsequently go to trial and be found guilty.