■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE GORDON, Appellant.

Criminal Term found that exigent circumstances existed to justify the warrantless entry of police into the defendant's girlfriend's apartment, where defendant resided at the time of the arrest. We agree.

On December 15, 1976, two men were robbed and shot in the head. One of the victims survived and told police that he had recognized one of the armed perpetrators as "Eddie", and identified the defendant from a photographic array. Detective Arthur Walsh testified that during the next several days the police's attempts to locate the defendant were unavailing. On December 21, 1976, at approximately 9:00 A.M., Detective Walsh received a telephone call from a woman who identified herself as the mother of defendant's girlfriend. She told Walsh that defendant was at her apartment at 2989 Fulton Street. She said she was currently outside the apartment and that when she returned defendant and his girlfriend were going to leave for the south. The woman told him where the apartment was located. Acting on this lead, Detective Walsh and a number of other officers went to 2989 Fulton Street. They knocked on the door, identifying themselves as police officers. They were told by a female

voice to wait. The officers waited about one minute, again knocked, and identified themselves. The voice again told them to wait. Thereupon, the officers kicked in the door. Searching the apartment, they found defendant in a closet and, underneath a mattress, the gun defendant seeks to suppress.

In determining whether exigent circumstances exist so as to permit such a warrantless entry into an individual's home, the following factors must be considered: (1) the gravity of the offense; (2) whether there is reason to believe that the suspect is armed; (3) whether there is reasonably trustworthy information to believe that the suspect committed the crime involved; (4) whether there is a strong reason to believe that the suspect is in the premises being entered; and, (5) likelihood that the suspect will escape if not swiftly apprehended (*Dorman v United States,* 435 F2d 385; *see also, People v Martin,* 50 NY2d 1029, 1031, n 2).

We conclude that under the circumstances of the instant case, exigent circumstances existed to justify the warrantless entry into the apartment. Accordingly, defendant's motion to suppress was properly denied. Gibbons, J. P., Thompson, Weinstein and Brown, JJ., concur.