■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

RICKEY LOWE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered February 16, 1983, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant's contention that an allegedly improper comment of the prosecutor warrants reversal has not been preserved for appellate review (see, People v Maschi, 49 NY2d 784), and in any event is without merit. Contrary to the defendant's assertion that the comment was in reality an impermissible reference to his failure to testify, we find the prosecutor was merely reminding the jury that the asserted defense was not supported by any evidence (see, People v Baldo, 107 AD2d 751). As such, the prosecutor's summation constituted a fair comment on the defendant's closing argument (see, People v Lowen, 100 AD2d 518; People v Blackman, 88 AD2d 620). Moreover, we note that the court promptly and thoroughly instructed the jury that it could not draw any unfavorable inferences from the defendant's failure to take the stand (see, People v Gilmore, 106 AD2d 399).

Similarly, we find the court's prompt curative instructions obviated any possible prejudice to the defendant, arising out of the testimony pertaining to his codefendant's arrest (see, People v Santiago, 52 NY2d 865; People v Patterson, 83 AD2d 691).

Nor do we find error in the court's denial of the defendant's request to charge grand larceny in the third degree as a lesser included offense. A review of the record does not reveal any evidence which could support a finding that the defendant committed the crime of grand larceny in the third degree but not robbery (see, People v Glover, 57 NY2d 61; People v Scarborough, 49 NY2d 364). We further note that, contrary to the defendant's contention, the counts of the indictment charging the defendant with criminal use of a firearm in the first degree and criminal use of a firearm in the second degree were dismissed on the motion of the People, and not for lack of sufficient evidence. Thus, the dismissal of those counts did not indicate that the proof of robbery was insufficient.

Lastly, we reject the defendant's argument that he was denied due process of law because he was not present at all in camera and side bar proceedings in which his attorney appeared on his behalf. "[T]he presence of counsel at a hearing having nothing to do with guilt or innocence [is] sufficient to

afford the defendant a 'fair and just hearing.' Nothing more is required" *(People v Mullen,* 44 NY2d 1, 6). Mangano, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.