■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN PABON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered November 18, 1982, convicting him of murder in the second degree and attempted robbery in the first degree (three counts), upon a jury verdict, and imposing concurrent terms of 25 years' to life imprisonment upon the murder count and 5 to 15 years' imprisonment upon each of the attempted robbery counts. The appeal brings up for review the denial, in part, after a hearing of that branch of the defendant's motion which was to suppress certain statements made by him to the police.

Judgment affirmed.

On February 16, 1982, police officers investigating a murder which had occurred during an attempted robbery of a gas station the night before, determined that the defendant, whose car had been observed at the scene, might have been involved in the crime. Accordingly, Detective Clifford F. Barnett, accompanied by at least five other police officers, went to the defendant's apartment. When they rang the bell, a male voice asked, "Who is it?" When Detective Barnett responded, "The Police", scuffling noises were heard from within the apartment. After the defendant's wife finally opened the door, Detective Barnett and the police entered the apartment and found the defendant hiding in the bathroom. When asked about the presence of his car at the robbery scene, the defendant admitted that he had driven it the previous night. At that point, Detective Barnett decided to continue the investigation in the station house, and asked the defendant to accompany him there. As the defendant and Detective Barnett were entering different cars, the defendant told Detective Barnett that he wanted to speak to him about his car when they arrived at the station house.

Approximately 45 minutes later, while at the station house and after being advised for the first time of his Miranda rights and agreeing to waive those rights, the defendant made

a statement to Detective Barnett in which he admitted to unknowing and later unwilling participation in the robbery attempt. Thereafter, the defendant cooperated with the police in their effort to locate the two remaining suspects. Finally, some 8½ hours later, after again receiving and waiving his *Miranda* rights, the defendant gave to an Assistant District Attorney a videotaped statement, similar to his earlier oral station house statement.

The defendant argues that the warrantless and nonconsensual entry into his house by the police was unconstitutional. Based upon this record, however, we find there existed both probable cause and sufficient exigent circumstances to justify the entry *(see,* US Const 4th Amend; *Payton v New York,* 445 US 573; *People v Gordon,* 110 AD2d 778). Therefore, the defendant's oral statements both at his apartment and at the station house may not be considered the products of an unlawful arrest. Nonetheless, the statement obtained from the defendant in his apartment was properly suppressed by Criminal Term. The defendant was, in fact, in custody at the time he was questioned by Detective Barnett in his apartment. Under the circumstances of this case, a reasonable innocent man in the defendant's position, surrounded by six police officers, albeit in his home, would have considered himself in custody *(People v Yukl,* 25 NY2d 585). Accordingly, the statement which was the product of custodial interrogation without the benefit of *Miranda* warnings, was properly suppressed.

Criminal Term erred, however, in not suppressing the statement given by the defendant immediately after arriving at the police station since, even though it was preceded by *Miranda* warnings, where the police fail to administer *Miranda* warnings to a defendant prior to subjecting him to initial questioning, administering those warnings at a later point in the questioning process will not remove the taint of the prior improper questioning unless there is such a definite, pronounced break in the questioning that the defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning *(see, People v Chapple,* 38 NY2d 112, 115; *People v Newson,* 68 AD2d 377, 391). As to the subsequent videotaped statement, however, we find that there was a sufficient period of attenuation between the initial improper questioning both in the defendant's apartment and at the station house and the subsequent videotaped statement which was made at least 8½ hours later to a different interviewer after the defendant had sufficient time to reflect upon his situation. We conclude, therefore, that while Criminal

Term erred in failing to suppress the oral station house statement, it correctly denied suppression of the subsequent videotaped statement *(see, People v Newson,* 68 AD2d 377, 391, *supra).* In light of that conclusion, we further find that the admission of the defendant's first statement at the police station, while error, was harmless, since the same information was contained in the later videotaped statement *(see, People v Crimmins,* 36 NY2d 230), which was properly admitted.

The defendant also questions the propriety of his sentence, arguing that he was penalized for exercising his constitutional right to a jury trial as a result of his having received a more severe sentence than he would have received had he not refused the People's proposed plea bargain; and that, in any event, his sentence was the result of "judicial retribution". The Constitution does not forbid the State to offer leniency in return for a guilty plea *(Corbitt v New Jersey,* 439 US 212, 223; *People v Miller,* 103 AD2d 808, *affd* 65 NY2d 502). Although we may modify a sentence imposed by a trial court, substituting our discretion as to the appropriate sentence for that of the sentencing Judge *(People v Suitte,* 90 AD2d 80, 86), we find no need to do so here. The crime the defendant was charged with was heinous, and, based upon the facts of this case, the sentence was not inappropriate.

We have reviewed the defendant's other contentions, and find them to be unpreserved and, in any event, without merit. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.