**Phillip BROWN, Petitioner,**

v.

**DISTRICT COURT, NASSAU COUNTY, Respondent.**

**No. 86–CV–2017.**

United States District Court, E.D. New York.

June 26, 1986.

Matthew Muraskin, Legal Aid Society, Crim. Div., Mineola, N.Y., for petitioner (Michael J. Obus, Alfred O'Connor, of counsel).

Denis Dillon, Dist. Atty., Nassau County, Mineola, N.Y., for respondent (Marea M. Suozzi, Bruce E. Whitney, of counsel).

## DECISION AND ORDER

BRAMWELL, District Judge.

By order to show cause dated June 16, 1986, petitioner Phillip Brown commenced this habeas corpus proceeding pursuant to Title 28, United States Code, section 2254 alleging that the sentence he received in state court was tainted by vindictiveness in violation of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) and its progeny. After carefully considering the arguments and submissions of counsel, the Court is of the opinion that petitioner's argument is without merit. Accordingly, for the reasons set forth below, petitioner's application for habeas corpus relief is denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was found guilty by a jury in the District Court of Nassau County on two counts of criminal possession of a controlled substance in the seventh degree (N.Y. Penal Law § 220.03), one count of loitering (N.Y. Penal Law § 240.36), and one count of unlawful possession of marijuana (N.Y. Penal Law § 221.05). Consequently, on February 1, 1984, petitioner was sentenced by the Honorable Eli Mellan to imprisonment for a term of nine (9) months. After being granted a stay of execution of sentence pending appeal on February 10, 1984, petitioner posted $1,500.00 bail and was released on March 2, 1984.

More than one year later, on April 8, 1985, the Appellate Term of New York Supreme Court, Nassau County, unanimously affirmed petitioner's conviction. However, the Appellate Term remanded the matter for resentencing because Judge Mellan, the sentencing judge, inadvertently failed to state the sentence for each individual count, as required by section 380.20 of New York's Criminal Procedure Law.

On April 24, 1985, petitioner was remanded by Judge Mellan pending resentencing. Four days later, on April 30, 1985, a Justice of the Supreme Court, Nassau County ordered petitioner released upon the posting of $1,000.00 additional bail.

After an updated presentence report had been ordered and received, Judge Mellan resentenced petitioner on June 13, 1985 to imprisonment for concurrent terms of one year on each of the two controlled-sub-

stance counts and three months on the loitering count. Judge Mellan also fined petitioner $100.00 on the marijuana count. After being remanded by Judge Mellan, petitioner again was released the same day pursuant to the order of a Justice of the Supreme Court, Nassau County, pending his appeal to the Appellate Term.

On appeal to the Appellate Term, petitioner argued that his harsher sentence on remand was vindictively imposed in violation of *North Carolina v. Pearce, supra,* and its progeny. Petitioner therefore requested that the Appellate Term modify petitioner's sentence to time served, or, in the alternative, remand the matter for resentencing before an impartial judge.

In an order dated June 2, 1986, the Appellate Term agreed that the harsher sentence was unconstitutional and reduced the total sentence to equal the original term of imprisonment of nine (9) months. Unsatisfied with the result, petitioner sought leave to appeal to New York's Court of Appeals. That application was denied on June 12, 1986 by the Honorable Sol Wachtler. The present petition and order to show cause followed.

## II. DISCUSSION

In the present habeas petition, the crux of petitioner's argument is that the Appellate Division committed error in modifying petitioner's sentence rather than remanding for resentencing by an impartial judge. Petitioner contends that the Appellate Term's finding of unconstitutional vindictiveness rendered his entire resentencing proceeding invalid, and that "due process require[d] nothing less than a remand for re-sentencing before an impartial judge." In support of this argument, petitioner relies principally upon the Supreme Court's decision in *North Carolina v. Pearce, supra,* and subsequent cases interpreting *Pearce.* However, as discussed below, this Court concludes that *Pearce* is not controlling here, and that absent such a claim under *Pearce* the present petition raises no constitutional issues warranting habeas corpus relief.

### A. Inapplicability of *Pearce*

In *North Carolina v. Pearce, supra,* the Supreme Court held that where a defendant is reconvicted following a successful appeal and a new trial, due process prohibits the imposition of an increased sentence when that increase is motivated by vindictiveness on the part of the sentencing judge. 395 U.S. at 724–25, 89 S.Ct. at 2080. In order to assure the absence of any vindictive motivation, the Court established a prophylactic rule of presumptive vindictiveness, requiring

> that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

*Id.* at 726, 89 S.Ct. at 2081.

It is clear that, in *Pearce,* the Supreme Court was concerned with vindictiveness on the part of sentencing judges rather than with the actual length of sentences imposed upon reconviction. *See Texas v. McCullough,* —— U.S. ——, 106 S.Ct. 976, 979, 89 L.Ed.2d 104 (1986). Moreover, application of *Pearce* is restricted to cases "where its 'objectives are thought most efficaciously served.'" *Id.* (quoting *Stone v. Powell,* 428 U.S. 465, 487, 96 S.Ct. 3037, 3047, 49 L.Ed.2d 1067 (1976)). Therefore, "in each case, we look to the need, under the circumstances, to 'guard against vindictiveness in the resentencing process.'" *Id.* (quoting *Chaffin v. Stynchcombe,* 412 U.S. 17, 25, 93 S.Ct. 1977, 1982, 36 L.Ed.2d 714 (1973)). Under the circumstances of the present case, and in the posture in which it is before the Court, the Court sees no basis for applying the *Pearce* presumption.

To begin with, petitioner's present nine-month sentence, as presented to this Court for habeas review, is no greater than that originally imposed by Judge Mellan in February, 1984, prior to petitioner's first appeal. Thus, the underlying premise of the *Pearce* rule—and *increased* sentence after successful appeal—is absent in the present case as it is presented to this Court.

Secondly, in the present case, petitioner was not "reconvicted" upon a "new trial" after "having succeeded in getting his original conviction set aside." *See Pearce, supra,* 395 U.S. at 724–26, 89 S.Ct. at 2080–81. Petitioner's conviction was unanimously affirmed but for the largely technical mistake by the sentencing judge in failing to state the sentence as to each count separately.

■ Finally, petitioner's present nine-month sentence is the judgment not of the original sentencing judge, but of the Appellate Term. Therefore, as presented to this Court on habeas review, the sentence falls outside the ambit of *Pearce. Cf. Texas v. McCullough, supra,* 106 S.Ct at 980 & n.3 (*Pearce* not violated where judge imposed 50–year sentence after retrial of case in which jury had originally imposed 20–year sentence); *Chaffin v. Stynchcombe, supra,* 412 U.S. at 27, 93 S.Ct. at 1983 (*Pearce* inapplicable where *jury* imposed the increased sentence on retrial); *Colten v. Kentucky,* 407 U.S. 104, 116–117, 92 S.Ct. 1953, 1960, 32 L.Ed.2d 584 (1972) (*Pearce* inapplicable where increased sentence was imposed by the second court in a two-tier trial system).

## B. Absence of Constitutional Error

■ If, as the Court has concluded, there is no merit to petitioner's invocation of the *Pearce* rule, then habeas corpus

relief would be unavailable unless the Appellate Term's modification of petitioner's sentence was in some other way an error of constitutional dimension. Clearly, however, as petitioner must concede, the Appellate Term is expressly authorized under. state law to modify illegal or unduly harsh sentences on the law, on the facts, or as a matter of discretion in the interest of justice. N.Y.Crim.Proc.Law §§ 470.15(2)(c), 470.15(3), 470.15(4)(c), 470.20(6). Moreover, nothing in New York law prevents an intermediate appellate court generally from reducing or modifying an improper sentence on its own instead of remanding to the sentencing court for resentencing. *See People v. Yannicelli,* 47 A.D.2d 911, 911, 366 N.Y.S.2d 230, 231 (2d Dep't 1975), *modified on other grounds,* 40 N.Y.2d 598, 357 N.E.2d 598, 389 N.Y.S.2d 290 (1976). In any event, there is surely nothing unconstitutional in permitting appellate courts such discretion.[1] Thus, petitioner's argument essentially turns on whether due process prohibits appellate courts from modifying or reducing a sentence whenever that sentence was imposed in violation of *Pearce.* That is, does the due process clause require the state courts to remand any case involving a *Pearce* violation for *de novo* resentencing before an independant judge?[2] No such requirement exists either in the due process clause or in the Supreme Court's opinion in *Pearce,* and this Court will not here create one. Of course, as *Pearce* and subsequent cases make clear, federal courts have the power and duty to insist "that vindictiveness ... play no part in the sentence [received] after a new trial." *Pearce, supra,* 395 U.S. at 725, 89 S.Ct. at 2080. However, there surely must be some limit to the power of federal courts to dictate the specific procedural methods states must follow to remedy a vindictive

1. Indeed, as respondent points out, petitioner in his brief to the Appellate Term actually requested the Appellate Term to exercise its discretion and modify the sentence under N.Y.Crim. Proc.Law § 470.15. Unsatisfied with the extent to which the Appellate Term did reduce his sentence, petitioner now takes the inconsistent position that the reduction of sentence should

not have been permitted at all under the due process clause.

2. Of course, if such a procedure were required, there would be no logical reason not to extend it to all cases involving sentences held unconstitutional for any reason, for example sentences imposed in violation of the Eighth Amendment's prohibition of cruel and unusual punishment.

sentence, and that limit is reached by the requirement of *Pearce* that state courts affirmatively state on the record the reasons for an increased sentence after reconviction. *See, e.g., id.* at 741, 89 S.Ct. 2083 (Black, J., dissenting in part) (arguing that even *Pearce* requirement is judicial legislation exceeding the authority of federal courts).

### III. CONCLUSION

Since nothing in *Pearce* or subsequent cases supports petitioner's argument that due process was violated by the procedure used or result reached by the state courts in this case, and since there is no other error of constitutional significance alleged in the present petition,[3] there is no basis for granting habeas corpus relief. Accordingly, petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED, and this action is DISMISSED.

IT IS

SO ORDERED.

---

**3.** For obvious reasons, petitioner does not argue that his nine-month sentence is so excessive as to constitute cruel and unusual punishment in violation of the Eighth Amendment.