■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD ALLEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered January 9, 1985, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, accused of snatching the complainant's neck-

lace, was pursued and captured by a passerby three blocks from the scene of the incident and was subsequently identified in court by the complainant and the passerby. The prosecutor's summation for the most part was a fair response to the defense counsel's summation *(see, People v Lowe,* 117 AD2d 755; *People v Gilmore,* 106 AD2d 399). While the comment by the prosecutor that "the People's evidence is uncontroverted" was an improper reference to the defendant's failure to testify, it was not so prejudicial as to warrant a new trial here. Under the circumstances of this case, the error was harmless beyond a reasonable doubt.

Similarly, the court's apparently inadvertent use of the phrase "merely proof of guilty *[sic]* beyond a reasonable doubt" at the end of its otherwise proper charge on reasonable doubt was harmless beyond a reasonable doubt in view of the overwhelming proof of guilt *(see,. People v Blackshear,* 112 AD2d 1044). Thompson, J. P., Niehoff, Weinstein and Eiber, JJ., concur.