■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Finnegan, J.), rendered September 12, 1985, convicting him of murder in the second degree (two counts) and robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, in part, after a hearing, of that branch of the defendant's omnibus motion which was to suppress oral statements made by him to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's present contention, we find that the hearing court properly concluded that his warrantless arrest in the subject dwelling was permissible under the exigent circumstances exception to the rule announced in *Payton v New York* (445 US 573). The record reveals that the defendant committed the extremely serious and violent offenses of murder and robbery, and it was reasonable for the police to assume that he was still armed, as no weapon was recovered from the crime scene. Moreover, the information which the police received from the mother of the defendant's girlfriend provided a reliable basis for their belief that the defendant was present at the premises in issue, and there was some evidence that the defendant might have been aware of his brother's recent arrest for the same offenses and may have been attempting to flee. Finally, the identification of the defendant as a participant in the offenses by his two accomplices and a witness provided ample probable cause for his arrest *(see, People v Berzups,* 49 NY2d 417; *People v White,* 109 AD2d 859). Based upon our consideration of these factors, we conclude that exigent circumstances justified the defendant's prompt and warrantless arrest *(see, People v Solimine,* 128 AD2d 565; *People v Pabon,* 120 AD2d 685, *lv denied* 68 NY2d 1003; *People v Gordon,* 110 AD2d 778; *People v Green,* 103 AD2d 362; *see generally, People v Mealer,* 57 NY2d 214, *cert denied* 460 US 1024). Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.