■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD MATHIS, Appellant.—Appeals by the defendant from two judgments of the County Court, Nassau County (Winick, J.), both rendered November 13, 1984, convicting him of attempted robbery in the second degree under indictment No. 57969 and robbery in the second degree under indictment No. 58050, upon his pleas of guilty, and imposing sentences. The

appeal under indictment No. 57969 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence, statements and identification testimony.

Ordered that the judgments are affirmed.

The County Court found that exigent circumstances existed to justify the warrantless entry of police into the defendant's girlfriend's apartment where the defendant resided at the time of the arrest. Based on the following evidence adduced at the hearing, we agree.

On August 1, 1983, a man was robbed at gunpoint and his car was stolen at the Manufacturers Hanover Bank in Massapequa, New York. At the suppression hearing, Suffolk County Police Officers Reilly and Eggers testified that on August 2, 1983, they received a radio transmission describing the perpetrator as a male Hispanic, wearing a dark shirt and armed with a handgun. At about 4:00 A.M., they observed a vehicle matching the description of the stolen car outside of a bar on Albany Avenue in Amityville. A confidential informant indicated that Tony Jamison, the codefendant, had arrived at that location in the stolen vehicle. Upon informing Jamison that the car was wanted in connection with an armed robbery, he told them that Eddie Mathis had "done the robbery" and had given him the keys to the vehicle. Both officers knew Mathis prior to this time. Jamison admitted to having helped Mathis dispose of some of the robbery proceeds behind a school in Amityville. He further stated that he was going to pick up Mathis at his apartment in a couple of hours and that they were going to do another stickup. The officers then went to the school location where Jamison showed them a bank bag containing papers and proceeds from the robbery.

Between 6:00 and 7:00 A.M., Jamison gave a statement at the station house to Detective Gambino which gave the address where the defendant could be found. At about 7:30 A.M., the three officers entered the building at that address and found the door to the apartment where the defendant was staying slightly open. They knocked, a child came to the door, and Police Officer Eggers saw Mathis lying on a bed from a mirror located across the room from him. Reilly pushed the door open further, the officers entered and arrested the defendant, seizing a pellet gun and black shirt in open view.

At about 8:30 A.M., the defendant was turned over to Nassau County Detectives Raftery and Covello, who advised him of his *Miranda* rights. In the afternoon, the defendant was

interviewed, after again being advised of his rights by Detective Bartlett. Between 2:35 P.M. and 5:00 P.M., the defendant, after waiving his rights, made three statements concerning his involvement in various robberies. At about 6:25 P.M., the defendant appeared in a lineup and was identified by two eyewitnesses to one of the robberies.

It is well settled that, absent consent or exigent circumstances, the warrantless entry into an individual's home is prohibited (see, Payton v New York, 445 US 573). In determining whether exigent circumstances exist so as to justify such an entry, the following factors are to be considered: "(1) the gravity of the offense; (2) whether there is reason to believe that the suspect is armed; (3) whether there is reasonably trustworthy information to believe that the suspect committed the crime involved; (4) whether there is a strong reason to believe that the suspect is in the premises being entered; and, (5) likelihood that the suspect will escape if not swiftly apprehended (Dorman v United States, 435 F2d 385; see also, People v Martin, 50 NY2d 1029, 1031, n 2)" (People v Gordon, 110 AD2d 778, 780; see also, People v Green, 103 AD2d 362).

We conclude, under the circumstances of this case, including the evidence that the defendant was armed and was planning to commit another armed robbery in the immediate future, that exigent circumstances did exist to justify the warrantless entry into the apartment. Accordingly, the defendant's motion to suppress was properly denied in all respects.

Finally, the sentences imposed were not excessive (see, People v Kazepis, 101 AD2d 816). Niehoff, J. P., Lawrence, Weinstein and Kunzeman, JJ., concur.