■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN MUNOZ, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Queens County (Groh, J.), rendered December 12, 1983, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated October 14, 1986, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction on the ground of ineffective assistance of counsel.

Ordered that the judgment and the order are affirmed.

The defendant's contention that the prosecutor's summation was improper and prejudicial has not been preserved for appellate review as no objection was made thereto by the defense counsel *(see,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818, 819). In any event, the record indicates that in the main, the allegedly prejudicial statements made by the prosecutor were a proper response to the defense counsel's summation *(see, People v Allen,* 127 AD2d 840, 841, *lv denied* 69 NY2d 947; *People v Marmolejos,* 125 AD2d 335, 336, *lv denied* 69 NY2d 830). To the extent that any part of the prosecutor's summation may be considered improper, the comments were not so prejudicial as to warrant a new trial. Any error in this regard must be considered harmless beyond a reasonable doubt.

Similarly, the error complained of in the court's charge on reasonable doubt was not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Hoke,* 62 NY2d 1022). Even if we were

to review this argument in the interest of justice, we would find it to be without merit *(see,* 1 CJI[NY] 6.20, at 249).

Finally, with respect to his CPL 440.10 motion to vacate the judgment of conviction, the defendant argues that his defense counsel's failure to introduce at the *Huntley* hearing school records which indicated he suffered from mental and emotional disabilities and, therefore, was unable to give a valid waiver of his rights, constituted ineffective assistance of counsel. We disagree. A person of subnormal intelligence may effectively waive his *Miranda* rights so long as he comprehends the immediate import of the *Miranda* warnings *(People v Williams,* 62 NY2d 285). The defendant's videotaped confession demonstrates that he was able to understand the meaning of his *Miranda* rights and to make a valid waiver. Moreover, the defendant was not a novice to the criminal justice system or its procedures. It is apparent, upon a review of this record, that the defense counsel's failure to introduce the school records, which also revealed evidence of the defendant's explosive personality, was a tactical decision. Upon the totality of circumstances, the defendant was provided with "meaningful representation", thus satisfying his constitutional right to effective assistance of counsel *(see, People v Satterfield,* 66 NY2d 796, 799; *People v Baldi,* 54 NY2d 137). Thompson, J. P., Niehoff, Rubin and Sullivan, JJ., concur.