■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH DOMINQUEZ, Appellant.—Appeal by the defendant from

a judgment of the County Court, Suffolk County (Seidell, J.), rendered April 11, 1985, convicting him of assault in the first degree, robbery in the first degree, (two counts), and kidnapping in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to law enforcement authorities.

Ordered that the judgment is modified, on the law, by reversing the defendant's conviction of kidnapping in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

It is well settled that probable cause, by itself, does not justify a warrantless nonconsensual intrusion into a defendant's home (Payton v New York, 445 US 573). However, where exigent circumstances exist, the failure of the police to procure a warrant is excusable (Payton v New York, supra; People v Mealer, 57 NY2d 214, cert denied 460 US 1024). In determining whether exigent circumstances exist so as to justify such an entry the following factors must be considered: " '(1) the gravity of the offense; (2) whether there is reason to believe that the suspect is armed; (3) whether there is reasonably trustworthy information to believe that the suspect committed the crime involved; (4) whether there is a strong reason to believe that the suspect is in the premises being entered; and, (5) likelihood that the suspect will escape if not swiftly apprehended (Dorman v United States, 435 F2d 385; see also, People v Martin, 50 NY2d 1029, 1031, n 2)' " (People v Mathis, 132 AD2d 626, 628, lv denied 70 NY2d 801; see also, People v Gordon, 110 AD2d 778, 780).

After the commission of the crime, the police obtained a statement from a coperpetrator implicating the defendant in the abduction, robbery and assault of the victim. The information obtained from the coperpetrator also provided the police with reason to believe that the defendant was armed. Later that afternoon, photographs of the defendant were obtained from police records, and a contingent of detectives and uniformed officers responded to his last known address in an attempt to locate and place him under arrest. Upon their arrival, the officers observed a male and a female in the driveway of the residence. The male was placing what appeared to be a suitcase into a vehicle. The officers compared the photographs in their possession with the male standing in the driveway and concluded that he was the defendant. As the

detectives exited their vehicle and approached the defendant, he turned and fled into the house with the detectives in close pursuit. Inside the premises, the defendant was apprehended and placed under arrest.

Based upon the foregoing, exigent circumstances existed to justify the warrantless entry into the defendant's home to place him under arrest. Accordingly, that branch of the defendant's motion which was to suppress his statement to law enforcement authorities was properly denied.

We do, however, agree with the defendant's contention that the merger doctrine must be applied in the instant action and therefore his conviction of kidnapping in the second degree must be reversed, the sentence imposed thereon vacated, and that count of the indictment dismissed (see, People v Cassidy, 40 NY2d 763, 768; People v Androvett, 135 AD2d 640, 642, lv denied 71 NY2d 892). The evidence adduced at trial revealed that any detention of the victim was incident to the commission of the underlying robbery and assault (see, People v Ortiz, 137 AD2d 727; People v Wachtel, 124 AD2d 613, lv denied 69 NY2d 835).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review, and, in any event, without merit. Mollen, P. J., Mangano, Rubin and Sullivan, JJ., concur.