■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARIDAD RAMOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered October 14, 1987, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Thompson, J. P., Lawrence, Rubin, Harwood and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered July 11, 1983, convicting him of burglary in the third degree, criminal mischief in the fourth degree, attempted burglary in the third degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Many of the remarks made by the prosecutor during summation were not objected to and hence those alleged errors have not been preserved for appellate review (see, People v Medina, 53 NY2d 951). In most of the instances when counsel did object, the objection was sustained and the court issued curative instructions, thus minimizing any possible prejudicial effect (see, People v Allen, 135 AD2d 823). In any event, in view of the strong evidence against the defendant, any errors in that regard were harmless beyond a reasonable doubt (see, People v Allen, 127 AD2d 840, lv denied 69 NY2d 947). Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.