■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO ZULUAGA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered April 12, 1984, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence. This appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were

to suppress physical evidence and statements made by him to law enforcement officers.

Ordered that the judgment is affirmed.

We perceive no reason to disturb the hearing court's findings that the defendant knowingly and intelligently waived his *Miranda* rights and voluntarily confessed to the crime. An effective waiver of *Miranda* rights may be made by an accused of subnormal intelligence so long as it is established that he understood the immediate meaning of the warnings *(see, People v Williams,* 62 NY2d 285; *People v Munoz,* 134 AD2d 532, *lv denied* 70 NY2d 958; *People v Gerald,* 128 AD2d 635, *lv denied* 70 NY2d 646; *People v Avilez,* 121 AD2d 391, *lv denied* 68 NY2d 767; *People v Dorsey,* 118 AD2d 653, *lv denied* 67 NY2d 1052). The defendant's submission of the evaluation of a clinical psychologist made six months prior to the commission of the instant offense on an unrelated matter in Family Court which found him to be of "borderline to low average intellectual functioning" is insufficient to establish that he was unable to comprehend the meaning of his *Miranda* warnings. We find that the hearing court properly excluded the testimony of this psychologist as there was no need for expert testimony to amplify the findings contained within her report.

With respect to the defendant's assertion that suppression of his admission was improperly denied because he was unable to understand his *Miranda* warnings in English, we agree with the hearing court's determination that credited the testimony of the detective who stated that the defendant knowingly said "yes" when asked if he understood his constitutional rights *(see, People v Prochilo,* 41 NY2d 759; *People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Hayes,* 127 AD2d 607, *lv denied* 70 NY2d 704; *People v Armstead,* 98 AD2d 726). We further conclude that the hearing court properly denied suppression of the physical evidence since the record shows that the defendant was arrested and the weapon located in the home of his sister-in-law, who clearly gave her knowing and voluntary oral and written consent to a search of the premises *(see, People v Cosme,* 48 NY2d 286; *People v Messam,* 112 AD2d 449, *lv denied* 66 NY2d 616). In any event, an application of the factors set forth in *People v Mathis* (132 AD2d 626, *lv denied* 70 NY2d 801), established that the search was justified under the exigent circumstances exception as (1) the crime was a cold-blooded murder in a bungled robbery attempt, (2) the weapon was a gun and there was good reason to believe that the defendant was armed, (3) the codefendant informed the police of the defendant's commission of the

crime, (4) the codefendant entered the premises moments before the police and confirmed that the defendant and his weapon were inside, and (5) there was a possibility of escape. Accordingly, those branches of the defendant's omnibus motion which were to suppress physical evidence and statements were properly denied. Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.