■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO GODINES, Also Known as EDUARDO GODINEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered November 22, 1988, convicting him of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree (two counts), criminal sale of a controlled substance in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The crimes for which defendant stands convicted were based upon his involvement in two drug transactions with an undercover police officer. Viewing the evidence adduced at the trial in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the conviction. Additionally, upon the exercise of our factual review power, we find that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's contention that he was deprived of a fair trial by the prosecutor's comment during summation which implied that although the defendant required a translator during the trial, he was, in fact, able to speak English, has not been preserved for appellate review. Moreover, although no objection was made by defense counsel at the time of the allegedly prejudicial comment (see, CPL 470.05 [2]; People v Munoz, 134 AD2d 532), prompt curative instructions were given sua sponte by the trial court (see, People v Berg, 59 NY2d 294, 299-300).

Finally, the defendant's contention that the sentence imposed was excessive is without merit (see, People v Suitte, 90 AD2d 80). Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.