■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINETTA CORONA, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered July 9, 1987, convicting her of criminally negligent homicide, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made to law enforcement officials.

Ordered that the judgment is affirmed.

The instant appeal stems from an incident in 1982 during which, while bathing two of her children, the defendant held one of them, her son Louis, under water to stop him from crying, causing his death. At the time, that death was classified as an accidental drowning, as the defendant had apparently convinced authorities that Louis drowned while she momentarily left the bathroom to fetch a clean diaper. In 1985, however, the defendant was implicated in yet another incident of potential child abuse as another of her children, a daughter named Leah, was brought to the hospital with severe burns as a result of having been scalded. It was during the investigation of the 1985 incident that the defendant inculpated herself in the death of Louis, leading to the instant prosecution and jury verdict convicting her of criminally negligent homicide.

Contrary to the defendant's contentions, we discern no reason to disturb the hearing court's findings that the defendant knowingly, voluntarily and intelligently waived her constitutional rights prior to confessing that she did in fact intentionally hold Louis under water. An effective waiver of

constitutional rights *(see, Miranda v Arizona,* 384 US 436) may be made by a defendant of subnormal intelligence so long as it is established that she understood the immediate meaning of the warnings. Here, the defendant grasped that she did not have to speak with her interrogator, that any statement might be used against her, that she could, at any time, demand that questioning cease, and that she could request the assistance of counsel *(see, People v Williams,* 62 NY2d 285; *People v Love,* 57 NY2d 998; *People v Zuluaga,* 148 AD2d 480; *People v Bucknor,* 140 AD2d 705; *People v Munoz,* 134 AD2d 532). The testimony of the defendant's expert that the defendant was mildly retarded and therefore could not have understood her rights, was refuted by that of the People's expert who convincingly opined that the defendant was fully capable of understanding her constitutional rights. Accordingly, we concur in the County Court's findings that the defendant's waiver of her rights was effective and that her confession was thus properly received into evidence.

Furthermore, we reject the defendant's contention that she was in any way prejudiced by an alleged conflict of interest stemming from the fact that her trial attorney had in the past represented one of the prosecution witnesses in unrelated civil matters *(cf., People v Lombardo,* 61 NY2d 97). In any event, the record reveals that this potential conflict was fully disclosed by counsel and explored by the court, after which the defendant knowingly, intelligently, and voluntarily elected to continue being represented by trial counsel *(see, People v Wandell,* 75 NY2d 951; *People v McDonald,* 68 NY2d 1; *cf., People v Lloyd,* 51 NY2d 107; *People v Gomberg,* 38 NY2d 307).

We have reviewed the defendant's remaining contentions and find them to be academic, without merit, or, under the circumstances of this case, not sufficient to warrant reversal. Thompson, J. P., Brown, Miller and O'Brien, JJ., concur.