■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKIE FRANCIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered September 17, 1990, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Fertig, J.), of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

Following a suppression hearing the Supreme Court denied that branch of the defendant's omnibus motion which was to suppress a gun, illegal drugs, and drug paraphernalia seized after a warrantless entry into the defendant's apartment. We agree with the determination of the Supreme Court that the exigencies of the situation justified the warrantless entry by the police into the apartment. The evidence at the hearing established that the police responded immediately to a call for help from the defendant's landlord. Upon arriving at the scene the police observed a gunshot hole in the landlord's ceiling and found a bullet on the floor directly underneath the hole. The police then knocked on the door of the defendant's apartment, which was directly above the landlord's apartment, and there was no response. The landlord then let the officers in the apartment with her key, and, upon entering the defendant's bedroom, the police saw the defendant sitting on a bed with a gun next to him. When the officers secured the gun and the defendant they observed an opened canvas bag which contained cocaine and empty vials. Under these circumstances, the recovery of the gun, illegal drugs, and empty vials, which were in plain view, was a lawful result of the

entry into the apartment and was dictated by the exigencies of the situation *(see, People v Gordon,* 110 AD2d 778, 780). Sullivan, J. P., Harwood, Balletta and Eiber, JJ., concur.