■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SERRANO, Appellant. [691 NYS2d 62] —Appeal by the defendant from a judgment of the County Court, Nassau County (Ort, J.), rendered April 11, 1997, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court should have suppressed a second inculpatory statement made by him because it was made during a continuous chain of police interrogation. However, it is well settled that, notwithstanding that a defendant made an earlier statement without the benefit of *Miranda* warnings, a later statement is admissible provided it follows a definite, pronounced break in questioning sufficient to return the defendant to the status of one who is not under the influence of questioning (*see, People v Chapple,* 38 NY2d 112, 115). The defendant made a statement to the police, and approximately 5½ hours later, made a second statement to the police. During the time between the first and second statements, the defendant was questioned by police officials other than the arresting officers (one of whom spoke his native language), concerning an unrelated crime, cooperated with the police concerning the unrelated crime, and was assured that he was not being charged with that unrelated crime. The hearing court properly found that this constituted a definite, pronounced break sufficient to find his second statement voluntary (*see, People v Pabon,* 120 AD2d 685, 686; *see also, People v Hicks,* 226 AD2d 938).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Mangano, P. J., Santucci, Krausman and Feuerstein, JJ., concur.